Ex Parte Raymond Brooks.

No. 5385.   Decided April 30, 1919.

1.—Habeas Corpus—Delinquent Child—Void Judgment—Appeal—Statutes Construed.

Under article 1197 C. C. P. as amended, an appeal lies from a conviction, direct to the Court of Criminal Appeals, and unless the judgment is void, a writ of habeas corpus will not lie, but where the judgment is void the writ is granted with proper relief, and where the judgment failed to set out the truth of the particular matter which constitutes the accused a delinquent child, and does not state the length of time of the maximum commitment, and extends beyond the time when said juvenile reaches the age of twenty-one years the writ is granted, and relator discharged, subject to the terms of his appearance bond.

2.—Judgment—Delinquent Child.

Where, upon trial of habeas corpus, it appeared that the judgment in the court was one which was not in conformity with the statute, and which the court was therefore without power to render, such judgment is held to be void and the relator is discharged, subject to further proceedings.

3.—Same—Statutes Construed—Words and Phrases.

Article 1203, C. C. P., includes all institutions, as well as persons, to which the delinquent child is committed.

From Cooke County.

Original habeas corpus proceedings asking release from a judgment against the latter as a delinquent child, committing him to the training school at Gatesville.

The opinion states the case.

*J. T. Adams,* for relator.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of judgment not being void; Ex parte Lambert: 37 Texas Crim. Rep., 435; Ex parte Patterson, 42 id., 256; Ex parte Japan, 36 id., 482.

LATTIMORE, Judge.—This is a hearing upon an original writ of habeas corpus granted upon application to this court seeking to have one Raymond Brooks discharged from the custody of Chas. E. King, Superintendent of the State Training School for boys at Gatesville.

It appears said Raymond Brooks was adjudged by the County Court of Cooke County to be a delinquent child and was by said court on the 31st day of December, 1918, committed to the Training School at Gatesville until he reaches the age of twenty-one years, subject to the order of the court, which judgment was executed on January 2, 1919, by the delivery of said delinquent child to such State Training School at Gatesville.

We are met at the threshold of this inquiry with this proposition, to-wit, is this judgment voidable or void; for if merely voidable this court will not take jurisdiction of an inquiry into the same by means

of a writ of *habeas corpus* originally issued here, but would relegate relator to his statutory remedy by appeal.

The Fourth Called Session of the Thirty-fifth Legislature amended article 1197, C. C. P., in many ways, and one provision of the new article reads as follows: "A prosecution and conviction of a juvenile shall be regarded as a criminal, or a misdemeanor, case, and an appeal lies from such conviction direct to the Court of Criminal Appeals of Texas."

So it is now settled that in all such convictions, no matter what the punishment be, an appeal may be taken direct to this court, and that should have been the method adopted by this relator in case the judgment is not void.

No provision is set out in the juvenile law governing appeals and one of the provisions of said Act seems to sweep away the distinction between misdemeanors and felonies when presented by complaint and information; but in the absence of any definite provisions governing same, we would hold such appeals should be taken under the usual procedure in cases of felony or misdemeanor, as the case may appear.

If the judgment in the instant case was one which the court had power to render therein, as stated above, we would dismiss this writ of error because no appeal was taken.

We observe that article 1203, C. C. P., specifically requires the order or judgment of commitment of a juvenile to prescribe the length of time and the conditions of such commitment. The precise language of said statute is when committed to such "person," but we think, under the provisions of chapter 2 of the P. C. and the language of this Act, that this includes all institutions as well.

It is specifically provided by article 5231 of our Revised Civil Statutes, which is part of the Act creating the State Juvenile Training School, that no commitment thereto shall be for a longer term than five years. We believe in order for this to be a proper judgment in the instant case, that it should not only define and set out delinquent child, but that such judgment should state the length of time which is the maximum commitment in such case, same in no event to be more than five years, and likewise in no event to extend beyond the time said juvenile reaches the age of twenty-one.

It is shown by the affidavits attached to this writ, that at the time of his conviction for stealing twenty empty grain sacks worth ten cents each, and his commitment to the State Training School until he was twenty-one, that this child was only thirteen years of age. His commitment being till he reached the age of twenty-one would mean possible restraint of him in said Juvenile Training School, for a period of about eight years, or three years more than he could be sent up for if he was sixteen and charged with murder. The affidavits accompanying this writ would seem to indicate that the father of the accused child was with him at the time of his

commitment, and that the proceedings in the office of the county judge were such as that said father swears that he did not know his son was being tried on said charge; that his boy had made an appearance bond returnable in February, and that he fully intended retaining the services of an attorney to represent said boy upon his trial at said time. We are not deciding this case on this matter, and we know that in order to deal with the manifold problems of juvenile crime much latitude must be given in the administration of the law, but the authorities cannot be too careful to see that no right is lost to one accused of a violation of the law, through ignorance of the legal and constitutional guarantees of trial by jury and to be represented by counsel.

Because we believe the particular judgment in this case was one which was not in conformity with the statute and which the court was therefore without power to render, the judgment of the trial court is held to be void and the relator is discharged, subject to the terms of his appearance bond and the setting of the trial of the case against him in due form in the court below.

*Writ granted.*